IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | No. 23 C 4977 |
| HOMETOWN COOPERATIVE APARTMENTS, INC., | ) ) ) | Judge Virginia M. Kendall |
| *Defendant*. | ) ) | |

**OPINION & ORDER**

Defendant Hometown Cooperative Apartments, Inc. ("Hometown") hired Semmler Development, Inc. ("Semmler") and Adobe Exteriors ("Adobe"), third parties seeking to intervene in this action, as contractors to make repairs after a hailstorm damaged Hometown's properties. After a disagreement regarding the amount of loss and appraisal demand, Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia") brought an action for declaratory judgment regarding Hometown's "appraisal demand and any outstanding indemnity obligations." (Dkt. 1 ¶ 34). Third parties Semmler and Adobe seek to bring a declaratory action against Philadelphia regarding Philadelphia's obligations under Hometown's insurance policy. (Dkt. 7). For the following reasons, Semmler and Adobe's Motion to Intervene ("Motion") [7] is denied.

**BACKGROUND**

Plaintiff Philadelphia issued a policy of commercial property insurance ("Policy") to Hometown for the period of March 11, 2019 through March 11, 2020. (Dkt. 1 ¶ 7). Following hailstorm damage to Hometown's properties during this period, Hometown submitted a formal notice of loss to Philadelphia. (*Id.* at ¶ 10). After Philadelphia opened a claim and began its investigation, Hometown engaged Semmler and Adobe as contractors to quantify a scope and estimate of repairs and to make those repairs. (*Id.* at ¶ 15). Based on Semmler's review of Philadelphia's original estimate, Hometown and Philadelphia agreed to increases to the original estimate on June 30, 2021. (*Id.* at ¶¶ 16–22). On March 21, 2023, Semmler and Adobe notified Philadelphia that they were seeking additional payment for (1) an updated price list, (2) costs of wood required to install window capping, and (3) general contractor overhead and profit. (*Id.* at ¶¶ 26–27). On July 7, 2023, Hometown updated its amount of loss according to Semmler and Adobe's adjustment and requested Philadelphia match the adjustment. (*Id.* at ¶ 30). The adjustment equated to over $4 million more than the original estimate. (*Id.*) Philadelphia denied Hometown's request for an updated appraisal. (Dkt. 7 ¶ 8).

1

On July 31, 2023, Philadelphia filed a three-count Complaint seeking declaratory judgment against Hometown to determine its "rights and responsibilities . . . with respect to Hometown's appraisal demand" and to find that Hometown's appraisal demand price list, construction of new wood framing, and overhead and profit, which are based on Semmler's estimate and Adobe's work, "impermissibly appraise[d] and resolve[d] through appraisal questions of insurance coverage and law." (Dkt. 1 at ¶¶ 34–35, 43, 58). Now, Semmler and Adobe seek to intervene.

## DISCUSSION

Semmler and Adobe seek to permissively intervene under Federal Rule of Civil Procedure 24(b).[1] Philadelphia objects. Philadelphia argues that the Motion should be denied because they violated Federal Rule of Civil Procedure 24(c) by not attaching a proposed pleading to their motion. Rule 24(c) requires a motion to intervene to "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). While not in strict compliance with Rule 24(c) at the filing of their Motion, Semmler and Adobe filed their Intervenor Complaint one month later. (*See* Dkt 7; Dkt. 14). The Seventh Circuit does "not advocate a strict interpretation of the rule in all circumstances," *Shevlin v. Schewe*, 809 F.2d 447, 450 (7th Cir. 1987), and the Court will address the merits of Semmler and Adobe's intervention request.

Under Rule 24(b), the court may exercise its discretion to permit a timely motion for intervention when the prospective intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Notably, a court's decision to allow intervention is "wholly discretionary." *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000).

Semmer and Adobe's Motion, filed five weeks after Philadelphia's Complaint, is timely.[2] (Dkt. 13 ¶ 5). Nonetheless, as a threshold matter, Semmler and Adobe must establish that the Court has an independent basis for jurisdiction over their claim. *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 775 (7th Cir. 2007); *see also OsteoMed LLC v. Stryker Corp.*, No. 20-CV-6821, 2021 WL 1962393, at *3 (N.D. Ill. May 17, 2021) (finding that federal courts "do not have ancillary jurisdiction over the permissive intervenor's claims as they do with intervention as of right. In order to be allowed permissive intervention the [applicants] must establish an independent basis for subject matter jurisdiction") (quoting *Davila v. Arlasky*, 141 F.R.D. 68, 73 (N.D. Ill. 1991)).

Semmler and Adobe assert jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), which requires diversity in citizenship and an amount in controversy over $75,000. While Semmler and Adobe show diversity in citizenship, (Dkt. 14 ¶¶ 1–3), the basis for their amount in controversy is

---

[1] Semmler and Adobe do not argue for intervention as a matter of right under Federal Rule of Civil Procedure 24(a), which imparts a higher standard for intervention if a party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect that interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24 (a)(2).

[2] To determine whether intervention is timely, the court considers: (1) the length of time the intervenor knew or should have known of its interest in the case, (2) the prejudice caused to the original parties by the delay, (3) the prejudice to the intervenor if the motion is denied, and (4) any other unusual circumstances. *Shea v. Angulo*, 19 F.3d 343, 348–49 (7th Cir. 1994).

questionable. They state that jurisdiction is proper because "Hometown is seeking additional indemnity damages in excess of $4,286,66.23." (*Id.* at ¶ 6). It is not clear though, how much, if any, of *Hometown's* damages are entitled to them. And Semmler and Adobe never alleged any facts showing (1) they have any relationship with Philadelphia; (2) the provisions of a contractual relationship with Hometown; or (3) their contractual entitlement under such a contract with Hometown. Thus, the Court is unpersuaded that Hometown and Philadelphia's amount in controversy is sufficient to meet Semmler and Adobe's burden for purposes of jurisdiction without further information. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006); *see also Back Doctors Ltd. v. Metropolitan Property and Cas. Ins. Co.*, 637 F.3d 827, 829 (7th Cir. 2011) (noting the proponent of federal jurisdiction must allege and prove the "jurisdictional facts" that determine the amount in controversy by a preponderance of the evidence). The Court could deny their Motion to Intervene on this basis alone.

Still, the Motion also fails under Rule 24(b)(1)(B) because Semmler and Adobe do not present a common question of law or fact related to Philadelphia's declaratory action against Hometown. The underlying questions in this action revolve around the Court's interpretation of the Policy and whether Hometown's July 2023 demand for appraisal of its "amount of loss" implicates issues of insurance coverage. (Dkt. 1 at ¶¶ 42, 57, 75). In their Intervenor Complaint, Semmler and Adobe assert a count for declaratory judgment against Philadelphia to determine whether the updated price list, window framing, and overhead and profit are covered by Hometown's Policy. (Dkt. 14). To establish a common question of law or fact, Semmler and Adobe note that Philadelphia's claims, "are replete with references to Semmler and Adobe" and that the relief requested against Hometown is based on Semmler's estimate and Semmler and Adobe's profits. (Dkt. 7 ¶¶ 23–27).

This argument misses the mark of Rule 24(b): not every stakeholder with a direct or indirect involvement or interest in the proceeds of an insurance policy is allowed to permissively intervene on the basis of their involvement. As discussed above, Semmler and Adobe do not allege any relationship with Philadelphia or a contractual relationship with Hometown. If Philadelphia acknowledges Hometown's adjusted amount of loss, then *theoretically* Hometown *may* have to pay Semmler and Adobe an unknown amount. If Philadelphia does not acknowledge Hometown's adjusted amount of loss, Semmler and Adobe *may* have an action against Hometown, which is a matter between Hometown and Semmler and Adobe, not Philadelphia. Yet, the briefing are devoid of these facts. There are insufficient grounds to find a common question of law or fact on this speculative basis.

The Court finds *General Insurance Company of America v. Clark Mali Corporation* persuasive on this point. No. 08 C 2787, 2010 WL 807433 (N.D. Ill. Mar. 10, 2010). There, the court denied intervention to a public adjuster that the defendants hired to estimate the damage a fire caused to their property. *Id.* at *1. The public adjuster's fee recovery was "entirely contingent" on resolution of the case at issue, but the court denied both intervention under Rule 24(a) and (b) as "[t]he only claim [the public adjuster] might have would be a contract claim against the defendants, but there hasn't been any breach, since the condition precedent (recovery under the insurance policy) has not yet occurred," which was a matter between the defendants and their public adjuster. *Id.* at *8. While the public adjuster, "of course, wants the [defendant] to win and recover as much as possible . . . whatever contractual claim [the public adjuster] might then have

3

against the [defendant] does not share a common question of law or fact with the . . . current claim." *Id.* at *9

While Semmler and Adobe did not plead as much, the Court can infer that Hometown and Semmler and Adobe are in a contractual relationship whereby their payment is contingent upon Hometown's collection under the Policy. Thus, Semmler and Adobe have a vested interest in Philadelphia's declaratory judgment outcome. But that is a matter between Hometown and Semmler and Adobe. Semmler and Adobe are not policyholders or in any legal relationship with Philadelphia and would have no independent standing to bring any claim against Philadelphia based on their current pleading. There is no common question of law or fact with Hometown's request for appraisal of its amount of loss and potential indemnification under the Policy.

I. Conclusion

As a result, the Court, in its discretion, denies Semmler and Adobe's Motion to Intervene [7].

Virginia M. Kendall
United States District Judge

Date: October 29, 2023