THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 23 C 04977 Chief Judge Virginia M. Kendall |
| *Plaintiff*, v. | | |
| HOMETOWN COOPERATIVE APARTMENTS, INC., | | |
| *Defendant*. | | |

## OPINION & ORDER

Pending before the Court is Defendant Hometown Cooperative Apartment, Inc.'s Motion for Leave to File Amended Counterclaims. Plaintiff Philadelphia Indemnity Insurance Company contends that the Motion is untimely and that permitting Hometown to amend will prejudice Philadelphia and significantly delay the case. For the reasons below, the Court denies Hometown's Motion [62].

## BACKGROUND

The Court assumes familiarity with its January 2024 Order granting Philadelphia Indemnity Insurance Company's Motion to Dismiss and recounts only the relevant facts here. (Dkt. 31, January 2024 Order on Plaintiff's Motion to Dismiss). On May 27, 2019, Hometown Cooperative Apartments, Inc. ("Hometown") incurred damage to its properties in Hometown, Illinois from a hailstorm. (*Id.* at 1). Following the property damage, Hometown submitted a formal notice of loss to its insurer, Philadelphia Indemnity Insurance Company ("Philadelphia"). (*Id.*) Each party retained independent contractors to review the damage from the hailstorm. (Dkt. 73 at

1

3). After an investigation, which included an initial inspection and reinspecting the properties by Philadelphia's construction consultant and forensic engineers and Hometown's contractors, the parties agreed on June 30, 2021, to an estimate in the amount of $4,378,973.64. (Dkt. 31 at 2); (Dkt. 73 at 3).

In March 2023, nearly two years after the agreement, Hometown's contractors, Semmler Development, Inc. ("Semmler") and Abode Exteriors, Inc. ("Abode"), informed Hometown that they sought unforeseen payments. (Dkt. 31 at 2). On July 7, 2023, Hometown moved to update its amount of loss estimate to $8,665,635.95 based on those unforeseen payments and emailed Philadelphia an appraisal demand for the same payments. (*Id.* at 3). In response, Philadelphia timely advised Hometown of its position on the issue and sought limited, declaratory relief from this Court as to its obligations regarding that appraisal demand. (Dkt. 65 at 3). As of July 2023, Philadelphia has paid Hometown at least $3,284,416.57 (not including permit costs) and the repairs for 55 of the 63 properties are completed. (Dkt. 31 at 2–3).

Philadelphia filed a three-count Complaint under Federal Rule of Civil Procedure 57 and the Declaratory Judgment Act, 28 U.S.C. § 2201(a) against Hometown to determine its rights and responsibilities regarding Hometown's appraisal demand. (*Id.* at 3). In its Answer, Hometown asserted the affirmative defenses of breach of contract and breach of the covenant of good faith and fair dealing, and the counterclaims of breach of contract and bad faith. (*Id.* at 4). Philadelphia then moved under Federal Rule of Procedure 12(b)(6) and 12(f) to strike the affirmative defenses and dismiss the counterclaims. (*Id.* at 4).

The Court dismissed Hometown's counterclaims. (Dkt. 31). As to the breach of contract claim, Hometown did not provide any facts to establish how Philadelphia's conduct regarding the appraisal demand was a breach. (*Id.* at 5). The claim was also premature, given that Philadelphia

had not denied Hometown's appraisal demand but rather merely filed a declaratory judgment action. (*Id.* at 5–6). As to the bad faith claim, Hometown failed to show that Philadelphia's actions were willful and without reasonable cause, given the nature of the dispute. (*Id.* at 7) (citing *Arch Ins. Co. v. PCH Healthcare Holdings, LLC,* No. 18 CV 02691, 2019 WL 3554062, at *6 (N.D. Ill. Aug. 5, 2019)).

After requesting time to digest the Court's January 2024 Order, Hometown informed the Court at a status hearing on February 26, 2024, that it did not wish to replead its affirmative defenses or counterclaims. (Dkt. 34). The Court granted Hometown's multiple requests to extend fact discovery, (Dkt. 54); (Dkt. 60); discovery closed on April 30, 2025. (Dkt. 77); (Dkt. 61).

Now, 14 months after the Court dismissed Hometown's counterclaims, without prejudice, Hometown moves for leave to amend. (Dkt. 62). Hometown requests leave to amend based on (1) Philadelphia's misidentification in its Complaint, (Dkt. 1), of the location where the dispute arose as *Homewood*, Illinois rather than *Hometown*, Illinois (2) Philadelphia's inaccurate statement as to whether Semmler and Abode are general contractors, and (3) newly unearthed information regarding the merits of the case. (Dkt. 62 ¶¶ 3–5).

## **DISCUSSION**

Leave to amend a pleading should be freely given "when justice so requires." Fed R. Civ. P. 15(a)(2). However, the court may deny a motion to amend when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (alteration omitted) (quoting *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)).

I. **Undue Delay**

Philadelphia contends that Hometown has had the emails, which are the basis for its Motion, in its possession for three years—therefore, Hometown needlessly delayed in moving to amend. (Dkt. 65 ¶ 38). Courts may deny a motion for leave to amend a complaint when the moving party has unduly delayed filing his motion. *See W. Union Co. v. Kula*, 2017 WL 11562395, at *4 (N.D. Ill. June 13, 2017) (citing *Soltys v. Costello*, 520 F3d 737, 743 (7th Cir. 2008)) (agreeing with district court that plaintiff's 14-month delay in amending complaint could have further deferred trial and therefore, it was appropriate to deny leave to amend); *see also James v. Jackson*, 2022 WL 2972217, at *2 (C.D. Ill. July 27, 2022) (denying plaintiff's motion to add defendant because he waited until two months after discovery closed to move to amend and did not explain what caused his delay). It is not an abuse of discretion for a district court to deny leave to amend a complaint where the basis for the revised allegations arose out of the same transaction as previously dismissed claims and where discovery is set to close in a month. *See e.g. Ferguson v. Roberts,* 11 F.3d 696, 707 (7th Cir. 1993); *see also Walker v. Cirian*, 2023 WL 4045164, at *1 (E.D. Wis. June 16, 2023) (denying leave to amend where the facts upon which [plaintiff] bases his new proposed theories of liability were available to him when he filed his complaint and he offers no adequate reason for waiting until after discovery was closed).

Here, Hometown offers no explanation for why—after explicitly telling the Court that it did not wish to amend its counterclaims in February 2024—it moved to amend the allegations one month before discovery was set to close. (*See* Dkt. 73). Instead of addressing the 14-month delay, Hometown uses the lion's share of its Response brief to painstakingly outline communication between Philadelphia and Hometown without providing context for why these details justified its 14-month delay in moving to amend its counterclaims. (*See* Dkt. 31) (Dkt. 62). While some of

4

these facts are perhaps relevant to Hometown's Motion insofar as they show that the parties disagreed initially on the costs associated with the damage, the facts do not excuse the delay. *See Mintel Int'l Grp., Ltd. v. Neergheen*, 636 F. Supp. 2d 677, 689-90 (N.D. Ill. 2009) (movant did not establish good cause existed where movant knew of the facts underlying the amendment but waited 56 days after the deadline to seek leave to amend).

Further, while Hometown bases its Motion on "new information," which was "unearthed" during written discovery, (Dkt. 62 ¶¶ 5–6), it does not sufficiently explain what about the information is "new" given that it referenced the information in its response to Philadelphia's November 2024 sanctions motion. (Dkt. 52-2); (Dkt. 65 ¶¶ 20–21). Moreover, to the extent that the information *is* new, Hometown does not clearly explain what exactly it unearthed during discovery that no longer makes its counterclaims premature. (*See* Dkt. 73); (Dkt. 62); *see also Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (explaining district court's denial of leave to file second amended complaint was proper because basis for amendment was available "long before" plaintiff sought leave to amend); *Kuhn v. United Airlines, Inc.*, 640 F. App'x 534, 537 (7th Cir. 2016) (explaining proposed amendment was based on events known to plaintiff and therefore, denying motion for leave to amend was proper).

If Hometown's point is not that the information is truly new, but rather that it was only recently revealed because Hometown hired a new attorney, (Dkt. 73 at 1) ("Discovery and new counsel's involvement has unearthed that Philadelphia knew . . . "), this also does not excuse the delay in seeking to amend. *See e.g. United States v. Alacran Contracting, LLC*, 2014 WL 5461391, at *4 (N.D. Ill. Oct. 27, 2014) ("Certainly, late amendments should not be allowed merely because new or additional counsel take a different direction on a case."); *Urb. v. Altamirano*, 2017 WL 11485607, at *2 (N.D. Ill. Sept. 18, 2017) (explaining that the fact that a new counsel has

5

"appeared on the scene" does not justify seeking an untimely amendment). Hometown has not presented sufficient justification for its delay.

## II. Prejudice to Philadelphia

Delay alone, however, is an insufficient reason to deny leave to amend and "must be coupled with some other reason," typically prejudice to the nonmoving party. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004). The nonmoving party is unduly prejudiced when an amended complaint contains " 'new complex and serious charges' which would undoubtedly require additional discovery for the defendants to rebut," *Ferguson*, 11 F.3d at 706; *Hukic*, 588 F.3d at 432 (denying leave to amend appropriate where discovery, including numerous depositions, had already taken place, prejudicing nonmovant); *see also Kuhn v. United Airlines, Inc.*, 640 F. App'x 534, 537 (7th Cir. 2016) (affirming denial of leave to file amended complaint where motion was made days before the close of discovery and would alter case's factual scope).

The Court agrees with Philadelphia that granting Hometown's Motion, after discovery has closed, would prejudice Philadelphia by forcing it to re-litigate the dispute with new allegations, which would require additional and costly discovery. (Dkt. 65 ¶ 41). Though Hometown seeks to amend its breach of contract and bad faith claim, which were the same claims it initially brought, it colors the revised claims with new details—consequently, Philadelphia estimates the revised counterclaims will require it to conduct at least 10 additional depositions and issue a multitude of record subpoenas if Hometown's Motion is granted. (*Id.* ¶ 42). To take one example, Hometown alleges that its roofing contractors had to subcontract a portion of the work for "roofing, siding, gutters, and electrical." (Dkt. 73 at 16). Philadelphia would seek to depose these purported subcontractors, even though Hometown has not shown what its basis is for their existence. (Dkt.

79 ¶ 39). These allegations would also require the Court reopening written discovery as to these subcontractors. (*Id.* ¶ 40). This is only one example of how the untimely request to amend will prejudice Philadelphia. Moreover, it exemplifies how, instead of a narrow inquiry into the declaratory relief, which Philadelphia is seeking, Hometown's breach of contract claim would likely substantially broaden the nature of discovery, which has now closed.[1]

## CONCLUSION

For the forgoing reasons, the Court denies Hometown's Motion for Leave to File Amended Counterclaims [62].

_____
Virginia M. Kendall
United States District Judge

Date: July 16, 2025

---

[1] Because the Court determines that granting Hometown leave to amend would prejudice Philadelphia, the Court need not address the parties' futility arguments. (Dkt. 73 at 15); (Dkt. 79 at 13).